LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC
280 West Main Street
Denville, NJ 07834
Tel: (973) 453-2838
Fax: (973) 453-2869
Scott J. Goldstein (016472004)
sjg@sgoldsteinlaw.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| In re<br><br>Frank Colabella<br><br>     Chapter 7 Debtors | Case No.  20-18108<br><br>Chapter  7<br><br>Honorable Kathryn C. Ferguson |
| Frank Colabella,<br><br>     Plaintiff<br><br><br>     -vs.-<br><br>United States Department of Education and Great Lakes Educational Loan Services Inc., ABC Companies 1-10.<br><br>     Defendant(s) | Adv. Proc. No. |

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILTY**
**PURSUANT TO 11 U.S.C. §523(A)(8)**

Plaintiff, Frank Colabella, by and through his undersigned counsel, complains of the Defendants,

United States Department of Education, Great Lakes Educational Loan Services, Inc. and ABC

Companies 1-10 and alleges as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff brings the instant action seeking a determination of dischargeability of a particular obligation pursuant to 11 U.S.C. §523(a)(8)

## PARTIES

2. The United States Department of Education ("USDOE") is an agency of the United States government, with its principal offices located at the Lyndon Baines Johnson Department of Education Building, 400 Maryland Avenue, S.W., Washington, D.C. 20202.

3. Upon information and belief, Great Lakes Educational Loan Services, Inc.("GLELSI") is a corporation formed and existing under the laws of the state of Wisconsin, having a principal business address of 2401 International Lane Madison, WI 53704. GLELSI is a student loan servicing entity. Upon information and belief GLELSI is a wholly owned subsidiary of Nelnet, Inc.

4. Upon information and belief, Nelnet, Inc. ("Nelnet")is a corporation formed and existing under the laws of the state of Nebraska, with its principal business offices located at 121 South 13th Street, Suite 100, Lincoln Nebraska 68508. Nelnet and its subsidiary entities service approximately 42% of all student loans in the United States.

5. Plaintiff, Frank Colabella, is an individual resident of the State of New Jersey, residing at 57 Taurus Drive, #4A, Hillsborough, New Jersey. Dr. Colabella is the debtor in the underlying Chapter 7 case.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

7. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the District of New Jersey on July 23, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

8. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

9. Venue is appropriate pursuant to Section 1391(b) of Title 28 of the United States Code as the Plaintiff resides in this District and each of the Defendants conducts business in the District and State of New Jersey.

## **FACTUAL AND PROCEDURAL BACKGROUND**

10. On June 30, 2020, the Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

11. The case was assigned to Karen E. Bezner as Chapter 7 Trustee.

12. On August 8, 2020, Trustee Bezner held a meeting of creditors pursuant to 11.U.S.C. §341(a), which meeting was held and closed.

13. The Plaintiff received his discharge on October 16, 2020.

14. As part of his petition, the Debtor filed schedules listing his obligations, which included an obligation in the amount of $610,947.38[1] owed to "US Dept. of Education/GLESI".

15. This obligation appears to be the cumulative amount owed for three student loans:

| Principal | Interest | Fees | Total |
|---|---|---|---|
| $80,177.17 | $38,250.25 | $28,825.23 | $147,252.65 |
| $208,622.80 | $99,527.89 | $75,003.87 | $383,154.56 |
| $52,111.51 | $12,662.64 | $15,766.02 | $80,540.17 |

16. Plaintiff is 65 years old.

17. At the time of filing, the Debtor and his wife had a combined income of $4,482.42 from his podiatric practice and her unemployment compensation.

18. Plaintiff's expenses were, at the time of filing, $6,625.37, creating a deficit of over $2,000 per month.

## COUNT I

## DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(A)(8)

19. Plaintiff repeats and realleges each and every one of the foregoing paragraphs with the same force and effect as if set forth at length.

20. 11 U.S.C. §523(a)(8) disallows the discharge of any debt for

(A)

(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

---

[1] The current balance is unknown and certainly higher.

(B)     any other educational loan that is a qualified education loan, as defined in
section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a
debtor who is an individual;

unless the non-dischargeability of such debt would cause an undue hardship on the debtor or his

dependents.  11 U.S.C. §523(a)(8).

21. The Second Circuit held in the matter of *Brunner v. N.Y.State Higher Educ. Servs Corp*,

831 F.2d 395 (2d Cir. 1987) that to prove undue hardship a Debtor must establish by the

preponderance of the evidence, three factors:

(1) that the debtor cannot maintain, based on current income and expenses, a
"minimal" standard of living for herself and her dependents if forced to repay the
loans; (2) that additional circumstances exist indicating that this state of affairs is likely
to persist for a significant portion of the repayment period of the student loans; and (3)
that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396

22. Upon information and belief, the loans upon which the instant claims are based matured

years ago and are fully accelerated, meaning that the repayment period is immediate and

that the full balance is due and payable right now.

23. If the Debtor were to repay his student loans in full, it would certainly be a hardship as

his net income is negative and he would be forced to come up with more than $600,000

immediately.

24. The Debtor meets the requirements to discharge his student loan obligations under 11

U.S.C. §523(a)(8) and the *Brunner* test.

**WHEREFORE**, the Debtor demands judgment as follows:

1.   Determining that forcing the Debtor to repay his student loan obligations would

be an undue hardship.

2. Determining that the debt owed to the United States Department of

   Education/GLESI is dischargeable

3. Granting such additional and/or other relief as may be deemed just and equitable.

LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC

Dated:  May 11, 2021

By:     /s/Scott J. Goldstein    (016472004)
SCOTT J. GOLDSTEIN
280 West Main Street
Denville, NJ 07834
Tel:  (973) 453-2838
Fax:  (973) 453-2869
sjg@sgoldsteinlaw.com
*Attorneys for Plaintiff*