**UNITED STATES ATTORNEY'S OFFICE**
RACHAEL A. HONIG
Acting United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 297-2067

*Attorneys for the United States Department of Education*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> FRANK COLABELLA, <br><br> Debtor. | Chapter 7 <br><br> Case No. 20-18108-KCF <br><br> Judge: Hon. Kathryn C. Ferguson |
| FRANK COLABELLA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br><br> Defendant. | Adv. Pro. No. 21-01269-KCF |

**ANSWER TO THE COMPLAINT**

Defendant, the United States Department of Education ("DOE" or "Defendant") by and through its undersigned counsel answers the Complaint to Determine Dischargeability of Debts ("Complaint") by Debtor and Plaintiff, Frank Colabella ("Debtor" or "Plaintiff") as follows:

## PRELIMINARY STATEMENT

1. Paragraph 1 states a legal conclusion as to which no response is required.

## PARTIES

2. With respect to Paragraph 2, DOE admits that it is a government entity with multiple office locations.

3. With respect to Paragraph 3, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations.

4. With respect to Paragraph 4, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations.

5. With respect to Paragraph 5, DOE admits knowledge of Plaintiff's residence at 57 Taurus Drive, Unit 4A, Hillsborough, New Jersey 08844 as listed in Bankruptcy Petition No. 20-18108-KCF.

## JURISDICTION AND VENUE

6. Admitted except to the extent Paragraph 6 erroneously alleges that the above captioned bankruptcy case is a case under Chapter 13 of Title 11.

7. Admitted.

8. Admitted.

9. Admitted.

## FACTUAL AND PROCEDURAL

10. Admitted.

11.  With respect to Paragraph 11, the contents of Plaintiff's bankruptcy docket under 20-18108-KCF speak for themselves.

12.  With respect to Paragraph 12, DOE restates and incorporates its responses to the allegations in Paragraph 11 as if fully set forth herein.

13.  With respect to Paragraph 13, DOE restates and incorporates its responses to the allegations in Paragraph 11 as if fully set forth herein.

14.  With respect to Paragraph 14, the Plaintiff's bankruptcy schedules are documents, the contents of which speak for themselves. By way of further answer, DOE admits on or about September 15, 1998, Plaintiff executed his first Federal Direct consolidation promissory note ("First Note") to secure his first Direct loans ("First Direct Loans") from DOE. DOE admits on or about January 2, 2006, Plaintiff executed his second Federal Direct promissory note ("Second Note") and together with the First Note, the "Notes"), to secure his Second Direct loans ("Second Direct Loans" and together with the First Direct Loans, the "Loans"), from DOE. The Loans were disbursed in the amounts of $70,328.68, $183,050.04, and $48,509.08 on various dates between October 19, 1998 and February 6, 2006. The Loans were made by DOE under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq*. (34 CFR. Part 685). A total of $273,755.31 in unpaid interest was capitalized and added to the principle balance. DOE demanded payment according to the terms of the Notes, and Plaintiff defaulted on his

obligation on February 17, 2008. On or about October 3, 2011, a judgment was entered against Plaintiff in favor of DOE by the United States District Court for the District of New Jersey in the amount $511,421.44. To date, DOE has credited a total of $5,129.05 in payments from all sources, including Treasury Department offsets, if any, to the balance of the Loans. Altogether, the Plaintiff cumulatively owes DOE $614,666.79.

15. With respect to Paragraph 15, DOE restates and incorporates its responses to the allegations in Paragraph 14 as if fully set forth herein.

16. With respect to Paragraph 16, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations.

17. With respect to Paragraph 17, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations.

18. With respect to Paragraph 18, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT I

### DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523 (A)(8)

19. DOE repeats its above responses to the allegations in the Complaint as if set forth in full herein.

20. The allegations in the paragraph state a legal conclusion as to which no response is required.

21. The allegations in the paragraph state a legal conclusion as to which no response is required.

22. With respect to Paragraph 22, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations except to extent Paragraph 22 of the Complaint states a legal conclusion as to which no response is required.

23. With respect to Paragraph 23, DOE is without knowledge or information sufficient to form a belief as to the truth of the allegations except to extent Paragraph 23 of the Complaint states a legal conclusion as to which no response is required.

24. The allegations in the paragraph state a legal conclusion as to which no response is required.

                              RACHAEL A. HONIG
                              Acting United States Attorney

                              /s/ *Eamonn O'Hagan*
By:   EAMONN O'HAGAN
       Assistant U.S. Attorney

*Attorneys for the United States Department of Education*

Dated: June 29, 2021